IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| EDWARD RIDLEY, #276808, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) Civil Action No. 2:11cv518-TMH |
| | ) (WO) |
| GARY HETZEL, *et al.*, | ) |
| | ) |
| Respondents. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Edward Ridley "(Ridley)", a state inmate at the Easterling Correctional Facility in Clio, Alabama, has filed the above-captioned action for habeas corpus relief pursuant to 28 U.S.C. § 2254. Although Ridley indicates on the first page of his *pro se* petition that he is challenging a judgment of conviction entered on February 14, 2011, by the Circuit Court of Pike County, Alabama, it is abundantly clear from the grounds for relief he sets forth in the body of his petition that he seeks through this action to have his name removed from the State of Florida's sex offender registry, asserting that the Florida courts have violated his constitutional rights in this regard, and to challenge his 1996 conviction in Florida for sexual battery (which underlies his obligation to register as a sex offender). (Doc. No. 1 at pp. 1-15.) Nothing in the body of his petition relates to his Alabama conviction or asserts a basis for challenging that conviction.

Habeas corpus relief pursuant to 28 U.S.C. § 2254 is available to a state prisoner who challenges the constitutionality of the basis of his state custody. *See, e.g., Preiser v.*

*Rodriguez*, 411 U.S. 475, 504-05 (1973); *Thomas v. Crosby*, 371 F.3d 782, 786-87 (11th Cir. 2004); 28 U.S.C. § 2254(a). Ridley is currently in the custody of the State of Alabama under his February 2011 conviction in Pike County for promotion of prison contraband. However, he does not challenge the constitutionality of the basis of that custody and, indeed, asserts no infirmity in his Alabama conviction.

Any challenge by Ridley to the constitutionality of the sex offender registration requirements of Florida as applied to Ridley should be presented in an action under 42 U.S.C. § 1983 filed in a federal court in Florida. This court is not the appropriate forum for Ridley to challenge the constitutionality of the sex offender registration requirements of Florida. Nor is this court the appropriate forum for Ridley to challenge his 1996 Florida conviction for sexual battery. Because Ridley does not challenge the constitutionality of the basis of his custody under a judgment of an Alabama court, he fails to satisfy the "in custody" requirement for the purpose of habeas corpus claims under 28 U.S.C. § 2254. Therefore, the instant action should be DISMISSED for lack of jurisdiction.

## CONCLUSION

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that the 28 U.S.C. § 2254 petition for habeas corpus relief filed by Ridley be denied and that this case be dismissed for lack of jurisdiction.

It is further

ORDERED that the parties shall file any objections to this Recommendation on or

before September 12, 2011. A party must specifically identify the findings in the Recommendation to which objection is made; frivolous, conclusive, or general objections will not be considered. Failure to file written objections to the Magistrate Judge's proposed findings and recommendations shall bar a party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*).

DONE, this 29th day of August, 2011.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
CHIEF UNITED STATES MAGISTRATE JUDGE